UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Cause No. 1:20-cr-00112-JMS-DML |
| TONY CUSHINGBERRY | ) | |
| a/k/a Tony Cushingberry-Mays, | ) | |
| | ) | |
| Defendant. | ) | |

## PETITION TO ENTER PLEA OF GUILTY AND PLEA AGREEMENT

The United States of America, by counsel, Zachary A. Myers, United States Attorney for

the Southern District of Indiana, and, Jayson W. McGrath and Peter A. Blackett, Assistant

United States Attorney ("the Government"), and the defendant, Tony Cushingberry ("the

defendant"), in person and by counsel, Dominic D. Martin, Joseph M. Cleary, and Sara J.

Varner, hereby inform the Court that a Plea Agreement has been reached in this case pursuant to

Federal Rules of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B).  The following are its terms

and conditions:

### Part 1:  Guilty Plea and Charge(s)

**1.**      **Plea of Guilty:** The defendant petitions the Court for leave to enter and agrees to

enter a plea of guilty to the following offense charged in the Superseding Indictment:  Count 1

which charges that the defendant committed the offense of Murder in the Second Degree, in

violation of Title 18, United States Code, Sections 1111 and 1114.

**2.**      **Dismissal of Counts:**  Following imposition of sentence, the government will

move to dismiss Count 2 of the Superseding Indictment.

**3.**     **Potential Maximum Penalties**:  The offense is punishable by a maximum sentence of life imprisonment, up to a $250,000 fine, and not more than 5 years' supervised release following any term of imprisonment.

**4.**     **Elements of the Offense:**  To sustain the offense(s) to which the defendant is pleading guilty, the Government must prove the following elements beyond a reasonable doubt:

**a.**     The defendant unlawfully killed a human being, namely: Angela Summers; and

**b.**     The defendant did so with malice aforethought, and

**c.**     Angela Summers was killed while engaged in or on account of the performance of her official duties as an employee of the United States.

### Part 2:  General Provisions

**5.**     **Sentencing Court's Discretion Within Statutory Range:**  The defendant agrees and understands that: (A) the Court will use its discretion to fashion a sentence within the statutory range(s) set forth above; (B) the Court will consider the factors set forth in 18 U.S.C. § 3553(a) in determining the appropriate sentence within the statutory range(s); (C) the Court will also consult and take into account the United States Sentencing Guidelines ("Sentencing Guidelines" or "U.S.S.G.") in determining the appropriate sentence within the statutory range(s); (D) the Sentencing Guidelines are not mandatory or binding on the Court, but are advisory in nature; (E) restitution may be imposed; (F) by pleading "Guilty" to more than one offense (Count), the Court may order the sentences to be served consecutively one after another; (G) the final determination concerning the applicable advisory guideline calculation, criminal history category, and advisory sentencing guideline range will be made by the Court; and (H) by

pleading "Guilty," the Court may impose the same punishment as if the defendant had plead "Not Guilty," had stood trial and been convicted by a jury.

6.      **Sentencing Court Not Bound by Guidelines or Recommendations:**  The defendant acknowledges that this Plea Agreement is governed by Federal Rule of Criminal Procedure 11(c)(1)(B) and that the determination of the defendant's sentence is within the discretion of the Court.  The defendant understands that if the Court decides to impose a sentence higher or lower than any recommendation of either party, or determines a different advisory sentencing guideline range applies in this case, or decides to impose a sentence outside of the advisory sentencing guideline range for any reason, then the defendant will not be permitted to withdraw this plea of guilty for that reason and will be bound by this plea of guilty.

7.      **Plea Agreement Based on Information Presently Known:**  The defendant recognizes and understands that this Plea Agreement is based upon the information presently known to the Government.  The Government agrees not to bring other federal charges against the defendant based on information currently known to the United States Attorney for the Southern District of Indiana.

The Government will inform the Court and the defendant at the time of taking the defendant's plea whether the Government has obtained any information after the Plea Agreement was signed that may warrant bringing other federal charges against the defendant.

8.      **No Protection From Prosecution for Unknown or Subsequent Offenses:**  The defendant acknowledges and agrees that nothing in this agreement shall protect the defendant in any way from prosecution for any offense not specifically covered by this agreement, or not known to the United States Attorney for the Southern District of Indiana at this time.  The defendant further acknowledges and agrees that nothing in this agreement shall protect the

defendant in any way from prosecution for any offense committed after the date of this agreement.

**9.     Rights Under Rule 11(b), Fed. R. Crim. P.:**  The defendant understands that the Government has the right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath during the guilty plea colloquy.  The defendant also understands that the defendant has the right: (A) to plead not guilty, or having already so pleaded, the right to persist in that plea; (B) to a jury trial; (C) to be represented by counsel--and if necessary have the court appoint counsel--at trial and at every other stage of the proceedings, including appeal; and (D) to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.  The defendant also understands that the Constitution guarantees the right to be considered for release until trial[1]; and if found guilty of the charge(s), the right to appeal the conviction on such charge(s) to a higher court.  The defendant understands that if the Court accepts this plea of guilty, the defendant waives all of these rights.

## Part 3:  Sentence of Imprisonment

**10.     Sentencing Recommendation Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):**  The parties have **not** agreed upon a specific sentence.  The parties reserve the right to present evidence and arguments concerning what they believe to be the appropriate sentence in this matter.

**11.     Supervised Release:**  Both parties reserve the right to present evidence and arguments concerning whether the Court should impose a term of supervised release to follow

---

[1]Title 18, U.S.C. §§ 3141-3156, Release and Detention Pending Judicial Proceedings.

4

any term of imprisonment in this case, the duration of any term of supervised release, and the terms and conditions of the release.

## Part 4:  Monetary Provisions and Forfeiture

**12.**     **Mandatory Special Assessment:**  The defendant will pay a total of $100 on the date of sentencing or as ordered by the Court to the Clerk, United States District Court, which amount represents the mandatory special assessment fee imposed pursuant to 18 U.S.C. § 3013.

**13.**     **Fine:** To be determined by the court.

**14.**     **Restitution:**  The defendant is subject to a mandatory order of restitution pursuant to Title 18, United States Code, Section 3663A(a)-(d).  The defendant agrees to pay restitution for all losses caused by the defendant's conduct, regardless of whether counts of the Superseding Indictment dealing with such losses will be dismissed as part of this plea agreement.  The parties reserve the right to present evidence and argument as to the full amount to be ordered.  The defendant agrees that, while the District Court sets the payment schedule, this schedule may be exceeded if and when the defendant's financial circumstances change.  In that event, and consistent with its statutory obligations, the Government may take any and all actions necessary to collect the maximum amount of restitution in the most expeditious manner available.

**15.**     **Obligation to Pay Financial Component of Sentence**:  If the defendant is unable to pay any financial component of the defendant's sentence on the date of sentencing, then the defendant agrees that the payment of the financial component should be a condition of supervised release.  The defendant has a continuing obligation to pay the financial component of the sentence.  The defendant further agrees that as of the date of filing this Plea Agreement the defendant will provide all requested financial information, including privacy waivers, consents, and releases requested by the Government to access records to verify the defendant's financial

disclosures,  to the  Government for use in the collection of any fines, restitution, and money judgments imposed by the Court and authorizes the Government to obtain credit reports relating to the defendant for use in the collection of any fines and restitution, and money judgments imposed by the Court.  The defendant also authorizes the Government to inspect and copy all financial documents and information held by the United States Probation Office.  If the defendant is ever incarcerated in connection with this case, the defendant may participate in the Bureau of Prisons Inmate Financial Responsibility Program.

16.     Defendant understands that any forfeiture order entered by the court is mandatory and is a part of defendant's sentence.  Defendant stipulates and agrees to the immediate entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), against Defendant, directly forfeiting each of the following property items, which the parties stipulate and agree consists of one (1) Glock model 1 GEN 5, 9mm Luger caliber semiautomatic pistol, serial number BGUK332, and all ammunition seized which was associated with the firearm.

17.     Defendant acknowledges and agrees that any and all property in which Defendant has an interest, and that are not already subject to direct forfeiture, are subject to forfeiture as substitute assets under Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461.

18.     Defendant agrees not to oppose, and to withdraw any previously filed opposition to, any administrative or judicial forfeiture action related to the conduct described in the Superseding Indictment filed in this case.  Defendant waives any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Superseding

Indictment and agrees that a default or final judgment of forfeiture may be entered against Defendant's interest without further notice to Defendant or Defendant's attorney.

19.     Defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the Superseding Indictment, announcement of the forfeiture at sentencing, and incorporation of the forfeiture into the judgment. Defendant waives all rights to any further notice or right to participate in any ancillary proceeding or any other proceeding pertaining to this forfeiture.  Defendant waives the right to be informed of any potential forfeiture at the time Defendant's guilty plea is accepted, pursuant to Rule 11(b)(1)(J).

20.     This Court shall retain jurisdiction to settle any disputes arising from application of this cause.  Defendant agrees that forfeiture of substitute assets, as authorized in this Plea Agreement and by 21 U.S.C. § 853(p), shall not be deemed an alteration of Defendant's sentence and that forfeiture of the assets described above shall not be treated as satisfaction of any restitution, fine, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture.

21.     Defendant hereby waives any and all constitutional and statutory challenges he could raise on any ground and in any manner (including by direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement, including any argument that the forfeiture constitutes an excessive fine or punishment.

22.     **Abandonment**: If  any of the property is not forfeited, the Defendant abandons all right, title, and interest the Defendant may have in the property so that proper disposition, including destruction, may be made thereof by federal, state, or local law enforcement agencies involved in the investigation of the Defendant's criminal activity, without further notice or

obligation whatsoever owing to the Defendant. The Defendant consents to the vesting of title to the listed property to the United States, pursuant to Title 41, Code of Federal Regulations, Section 128-48.102-1. Defendant waives any right to receive notice or a hearing with respect to any motion, pleading, order, or any other action that the Government might take to carry out the abandonment, disposition, and/or destruction of the property. Defendant's waiver includes, without limitation, all common law, statutory, and constitutional claims or challenges, on any grounds, arising at any time from, or relating to, the seizure, abandonment, disposition, and destruction of the listed property. Defendant further agrees to hold the United States of America, its agents and employees, harmless from any claims whatsoever in connection with the seizure, abandonment, disposition, and destruction of the listed property.

### Part 5:  Factual Basis for Guilty Plea

**23.**     The parties stipulate and agree that the following facts establish a factual basis for the defendant's plea(s) of guilty to the offense(s) set forth in Paragraph One, above, and that the Government would be able to establish the following facts beyond a reasonable doubt in the event this cause was to proceed to trial.  The following information is only a summary of the Government's evidence. This Plea Agreement is not intended to foreclose the presentation of and the Government reserves the right to present additional evidence at the time of sentencing.

**a.**     On April 27, 2020, Angela Summers, a letter carrier for the United States Postal Service (USPS), was delivering mail on her route in the area of 422 North Denny Street, Indianapolis, Indiana, which is in the Southern District of Indiana.

**b.**     The defendant was on the porch of his residence at 426 North Denny Street. The defendant was upset that mail had not been delivered recently.  As Summers walked past 426 North Denny Street toward the residence at 422 North Denny Street, the defendant pursued her.

The defendant aggressively approached Summers, who began backing away onto the porch of 422 North Denny Street.  Eventually, Summers reached for her can of defensive spray and sprayed the defendant.  The defendant pulled a handgun from his waistband and shot Summers in the chest from several feet away.  Summers collapsed on the porch, and the defendant fled.

c.      The defendant stashed the gun in the detached garage of a nearby residence. The gun was a Glock model 1 GEN 5, 9mm Luger caliber semiautomatic pistol, serial number BGUK332.  Ammunition for this gun was found in the defendant's residence.

d.      Police responded, and Summers was transported by ambulance to Eskenazi Hospital in critical condition.  Summers died shortly after reaching the hospital.  The Marion County Coroner determined Summers died from a gunshot wound to the chest, and the manner of her death was homicide.

e.      Witnesses were interviewed and described, among other things, observing the defendant shooting Summers and finding Summers slumped over on the porch with a gunshot wound to the chest.

f.      The defendant eventually gave a statement to law enforcement during which he admitted shooting Summers.

g.      The defendant killed Summers with malice aforethought during the performance of her official duties as a USPS letter carrier.

h.      The defendant further stated that he placed the handgun in the garage of his mother's residence (426 North Denny Street, Indianapolis, IN).

**Part 6:  Other Conditions**

24.      **Background Information:**  The defendant acknowledges and understands that no limitation shall be placed upon the Court's consideration of information concerning the

9

background, character, and conduct of the defendant for the purpose of imposing an appropriate sentence.  The defendant acknowledges and understands that the Government is not prohibited from providing information concerning background, character, and conduct of the defendant for the purpose of recommending or advocating an appropriate guideline calculation and sentence.

25.     **Good Behavior Requirement:**  The defendant agrees to fully comply with all conditions of release imposed by the Court during all stages of this case.  If the defendant fails to fully comply with such conditions, then the Government may withdraw from this Agreement.

26.     **Compliance with Federal and State Laws:**  The defendant understands that the obligations of the Government in this Plea Agreement are expressly contingent upon the defendant abiding by federal and state laws.

<u>**Part 7:  Sentencing Guideline Stipulations**</u>

27.     **Guideline Computations:**  Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties agree to the Stipulations below.  The parties understand and agree that these Stipulations are binding on the parties but are only a recommendation to the Court and that the Court will determine the advisory sentencing guidelines applicable in this case.  The parties agree that no stipulation regarding any factors in Chapter 4, Criminal History Category, of the Sentencing Guidelines has been made, and that such determination will be made by the Court. The 2018 version of the Sentencing Guidelines has been used by the parties to make the stipulations set forth below.

a.     The base offense level is **38**.  *U.S.S.G. § 2A1.2.*

b.     **Six (6)** levels are added, because the victim was a government employee, the offense of conviction was motivated by that status, and the offense of conviction was

10

an offense against the person under Chapter 2, Part A of the Guidelines.  *U.S.S.G.*
*§ 3A1.2(a)—(b).*

  **c.**  **Acceptance of Responsibility:**  To date, the defendant has demonstrated a
recognition and affirmative acceptance of personal responsibility for the defendant's
criminal conduct.  Based upon the defendant's willingness to accept a Plea Agreement
and enter a plea of guilty to the criminal conduct noted in this agreement [and the
defendant's agreement to cooperate in and not to contest the forfeiture of the property
described above], the Government agrees that the defendant should receive a two (2)
level reduction *provided* the defendant  satisfies the criteria set forth in Guideline §
3E1.1(a) up to and including the time of sentencing.  The defendant timely notified the
Government of defendant's intention to enter a plea of guilty, thereby permitting the
Government and the Court to allocate their resources efficiently.  After the Defendant
enters a plea of guilty, the Government intends to file a motion pursuant to U.S.S.G. §
3E1.1(b) requesting that the Court decrease the offense level by one (1) additional level.
The parties reserve the right to present evidence and arguments concerning the
defendant's acceptance of responsibility at the time of sentencing.

  **d.**  **Final Offense Level:  41**

<u>**Part 8:  Waiver of Right to Appeal**</u>

**28.** **Direct Appeal:**  The defendant understands that the defendant has a statutory
right to appeal the conviction and sentence imposed and the manner in which the sentence was
determined.  Acknowledging this right, and in exchange for the concessions made by the
Government in this Plea Agreement, the defendant expressly waives the defendant's right to
appeal the conviction and sentence imposed in this case on any ground, including the right to

appeal conferred by 18 U.S.C. § 3742.  The defendant further expressly waives any and all challenges to the statute to which the defendant is pleading guilty on constitutional grounds, as well as any challenge that the defendant's admitted conduct does not fall within the scope of the applicable statute. This waiver of appeal specifically includes all provisions of the guilty plea and sentence imposed, including the length and conditions of supervised release and the amount of any fine.

29.    **Later Legal Challenges:**  Additionally, the defendant expressly agrees not to contest, or seek to modify, the defendant's conviction or sentence or the manner in which either was determined in any later legal proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255, <u>except</u> as follows:

a.    **Ineffective Assistance of Counsel:**  As concerns the Section 2255 waiver, the waiver does not prevent claims, either on direct or collateral review, that the defendant received ineffective assistance of counsel.

b.    **Retroactive Sentencing Guidelines Reductions:**  As concerns this Section 3582 waiver, should the United States Sentencing Commission and/or Congress in the future amend the Sentencing Guidelines to lower the guideline range that pertains to the defendant's offense(s) and explicitly make such an amendment retroactive, the Government agrees that it will not argue that this waiver bars the defendant from filing a motion with the district court pursuant to 18 U.S.C. § 3582(c)(2) based on that retroactive Guidelines amendment.  However, if the defendant files such a motion, the Government may oppose the motion on any other grounds.  Furthermore, should the defendant seek to appeal an adverse ruling of the district court on such a motion, this waiver bars such an appeal.

      **c.**     **Motions for Compassionate Release:**  As concerns the Section 3582 waiver, the defendant reserves the right to file motions seeking a "compassionate release" sentence reduction pursuant to the First Step Act of 2018 and 18 U.S.C. § 3582(c)(1)(A)(i).  Any such motion must be based on one or more "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13 and the governing interpretations of that provision and its application notes (or, in the event of amendment of that U.S.S.G. provision or the relevant application notes, the provision(s), if any, with the same effect at the time of the filing of the motion for sentence reduction).  The defendant further agrees that under application note 1(D), as it appears in the 2018 Guidelines Manual, the defendant may assert only those reasons set forth in the relevant Bureau of Prisons program statement in effect at the time of the defendant's motion (currently Program Statement 5050.50).  The government further reserves the right to oppose any motion for compassionate release on any other grounds.

**30.**    **No Appeal of Supervised Release Term and Conditions:**  The defendant waives the right to appeal the length and conditions of the period of supervised release.

### Part 9:  Presentence Investigation Report

**31.**    The defendant requests and consents to the commencement of a presentence investigation by probation officers of the United States District Court for purposes of preparing a Presentence Investigation Report at this time and prior to the entry of a formal plea of guilty.

**32.**    The defendant further requests and consents to the review of the defendant's Presentence Investigation Report by a Judge, defendant's counsel, the defendant, and the Government at any time, including prior to entry of a formal plea of guilty.

## Part 10:  Statement of the Defendant

**33.**     By signing this document, the defendant acknowledges the following:

     **a.**     I have received a copy of the Superseding Indictment and have read and discussed it with my attorney.  I believe and feel that I understand every accusation made against me in this case. I wish the Court to omit and consider as waived by me all readings of the Superseding Indictment in open Court, and all further proceedings including my arraignment.

     **b.**     I have told my attorney the facts and surrounding circumstances as known to me concerning the matters mentioned in the Superseding Indictment, and believe and feel that my attorney is fully informed as to all such matters.  My attorney has since informed, counseled and advised me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

     **c.**     I have read the entire Plea Agreement and discussed it with my attorney.

     **d.**     I understand all the terms of the Plea Agreement and those terms correctly reflect the results of plea negotiations.

     **e.**     Except for the provisions of the Plea Agreement, no officer or agent of any branch of Government (federal, state or local), nor any other person, has made any promise or suggestion of any kind to me, or within my knowledge to anyone else, that I would receive a lighter sentence, or probation, or any other form of leniency, if I would plead "Guilty."  I respectfully request that the Court consider in mitigation of punishment at the time of sentencing the fact that by voluntarily pleading "Guilty" I have saved the Government and the Court the expense and inconvenience of a trial.  I understand that before it imposes sentence, the Court will address me personally and ask me if I wish to

make a statement on my behalf and to present any information in mitigation of punishment.

      **f.**     I am fully satisfied with my attorney's representation during all phases of this case.  My attorney has done all that anyone could do to counsel and assist me and that I fully understand the proceedings in this case against me.

      **g.**     I make no claim of innocence, and I am freely and voluntarily pleading guilty in this case.

      **h.**     I am pleading guilty as set forth in this Plea Agreement because I am guilty of the crime(s) to which I am entering my plea.

      **i.**     I understand that if convicted, a defendant who is not a United States Citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

      **j.**     My attorney has informed me, and I understand, that I have the right to appeal any conviction and sentence that I receive, unless I have waived my right to appeal as part of this Plea Agreement.  If I have not waived my right to appeal, I understand that I must file a Notice of Appeal within fourteen (14) days of the entry of the judgment in this case; I further understand that the Clerk of the Court will prepare and file a Notice of Appeal on my behalf if I ask that to be done.  I also understand that the United States has the right to appeal any sentence that I receive under this Plea Agreement.

      **k.**     My attorney has informed me, and I understand, that if I provide or cause to be provided materially false information to a judge, magistrate-judge, or probation

office, then Section 3C1.1 of the Sentencing Guidelines allows the Court to impose a

two-level increase in the offense level.

> **l.**     If this cause is currently set for trial on the Court's calendar, I request that

this date be continued to permit the Court to consider this proposed guilty Plea

Agreement.  I further understand that any delay resulting from the Court's consideration

of this proposed guilty Plea Agreement, up to and including the date on which the Court

either accepts or rejects my guilty plea, will be excluded in computing the time within

which trial of this cause must commence, pursuant to 18 U.S.C. § 3161(h)(1)(G).

### Part 11:  Certificate of Counsel

**34.**     By signing this document, the defendant's attorney and counselor certifies as

follows:

> **a.**     I have read and fully explained to the defendant all the accusations against

the Defendant which are set forth in the Superseding Indictment in this case;

> **b.**     To the best of my knowledge and belief each statement set forth in the

foregoing petition to enter plea of guilty and Plea Agreement is in all respects accurate

and true;

> **c.**     The plea of "Guilty" as offered by the defendant in the foregoing petition

to enter plea of guilty and Plea Agreement accords with my understanding of the facts as

related to me by the defendant and is consistent with my advice to the defendant;

> **d.**     In my opinion, the defendant's waiver of all reading of the Superseding

Indictment in open Court, and in all further proceedings, including arraignment as

provided in Rule 10, Fed. R. Crim. P., is voluntarily and understandingly made; and I

recommend to the Court that the waiver be accepted by the Court;

**e.**      In my opinion, the plea of "Guilty" as offered by the defendant in the foregoing petition to enter plea of guilty and Plea Agreement is voluntarily and understandingly made and I recommend to the Court that the plea of "Guilty" be now accepted and entered on behalf of the defendant as requested in the foregoing petition to enter plea of guilty and Plea Agreement.

### Part 12:  Final Provision

35.    **Complete Agreement:**  The defendant acknowledges that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this document, to induce the defendant to plead guilty.  This document is the complete and only Plea Agreement between the defendant and the United States Attorney for the Southern District of Indiana and is binding only on the parties to the Plea Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified except in writing, signed by all parties and filed with the Court, or on the record in open court.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

6/29/2022
DATE

Jayson W. McGrath  FOR
Peter A. Blackett
Assistant United States Attorneys

6/29/2022
DATE

Michelle P. Brady  for
Chief, Violent Crime Unit

6/29/22
DATE

Tony Cushingberry
Defendant

Dominic D. Martin
Counsel for Defendant

6/29/22
DATE:

Joseph M. Cleary  STV
Counsel for Defendant

6/29/22
DATE

Sara J. Varner
Counsel for Defendant

6/29/22
DATE

18